

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-6-2007

# Snedeker v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2878

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Snedeker v. Comm Social Security" (2007). *2007 Decisions.* Paper 803.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/803

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2878

———————

GEORGE SNEDEKER,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY,

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-3574)
District Judge: Hon. Berle M. Schiller

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2007

Before: RENDELL and JORDAN, <u>Circuit Judges</u>,
and VANASKIE[*], <u>District Judge</u>

(Filed July 6, 2007)

———————

OPINION OF THE COURT

———————

VANASKIE, <u>District Judge</u>.

———————

[*]The Honorable Thomas I. Vanaskie, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

Appellant George Snedeker appeals a District Court decision affirming the Commissioner of Social Security's determination that Snedeker was not entitled to Disability Insurance Benefits ("DIB") under the Social Security Act, 42 U.S.C. § 401, *et seq*. Because we find no error of law and that substantial evidence in the administrative record supports the Commissioner's determination, we will affirm the judgment of the District Court.

I.

As we write only for the parties, who are familiar with the factual context and the procedural history of the case, we will set forth only those facts necessary to our analysis. Snedeker protectively filed an application for DIB on August 15, 2003, claiming he was unable to work since December 27, 2002, due to Chronic Fatigue Syndrome ("CFS"), severe headaches, and Environmental Illness (or Multiple Chemical Sensitivity). After his application was denied, Snedeker was granted a hearing before an administrative law judge ("ALJ"). During the hearing, the ALJ heard testimony from Snedeker and James Earhart, a vocational expert.

On January 24, 2005, the ALJ issued a decision denying Snedeker's application for DIB. Applying the familiar sequential analysis set forth in 20 C.F.R. § 404.1520, the ALJ found: (1) Snedeker was not engaged in substantial gainful activity since the alleged onset of his disability; (2) he was severely impaired by CFS,[1] Epstein-Barr virus, multiple

---

[1]The ALJ consulted Social Security Ruling 99-2p in finding that Snedeker was severely impaired from CFS.

chemical sensitivity, and headaches; (3) his impairments, either alone or in combination with other disorders, did not meet or equal the requisite criteria of any of the disorders listed in Appendix 1, Subpart P, Regulations No. 4; (4) he was incapable of performing his past relevant work based on his residual functional capacity; and (5) he was capable of making a successful adjustment to work existing in significant numbers in the national economy based on his capacity to perform light work with limited restrictions. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Snedeker's request for review.

Snedeker commenced a civil action in the United States District Court for the Eastern District of Pennsylvania seeking review of the Commissioner's final decision. After being referred the case, United States Magistrate Judge Timothy R. Rice conducted a thorough review of the record and concluded that the ALJ's decision was supported by substantial evidence. The District Court adopted the Magistrate Judge's conclusions. This appeal followed.

II.

We have jurisdiction under 28 U.S.C. § 1291 over the final decision of the District Court. Our review is limited to determining "whether there is substantial evidence to support the Commissioner's decision." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Thus, we are "bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." Id. (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

3

conclusion." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

Snedeker presents four arguments for reversal of the ALJ's decision. First, the ALJ did not fully comply with the requirements of Social Security Ruling ("SSR") 99-2p in assessing his impairment due to CFS. Second, the ALJ's finding that Snedeker was not disabled was not supported by substantial evidence. Third, the ALJ failed to classify his hypotension as a severe impairment. Finally, the ALJ's finding that Snedeker's statements regarding the severity of his physical limitations was not credible conflicts with SSR 96-7p. Snedeker's contentions will be addressed *seriatim*.

SSR 99-2p reconfirms that a disability claim involving CFS is evaluated "using the sequential evaluation process, just as for any other impairment." The Social Security Administration promulgated the ruling primarily to clarify the necessary medical signs or laboratory findings to establish the existence of CFS as *a medically determinable impairment*. Id.

The record reveals that the ALJ carefully considered the ruling in finding that Snedeker's CFS was a severe medically determinable impairment. The ALJ, however, found that Snedeker was not entitled to DIB because he maintained the capacity to perform light work available in the national economy under step five of the sequential evaluation process.

Snedeker contends that the ALJ erred under SSR 99-2p by failing to consult his treating physician regarding his conclusion that Snedeker was incapable of performing even "low-stress" jobs. SSR 99-2p calls for contacting such a medical source if "the

4

adjudicator finds that the evidence is inadequate to determine whether the individual is disabled." Contrary to Snedeker's argument the ruling does not require consultation when the evidence does not warrant a conclusion that the claimant is disabled due to CFS.

In this case, the ALJ found that the evidence was adequate to resolve Snedeker's disability claim. The ALJ did not grant the treating physician's opinion controlling weight because it was not supported by "objective clinical or laboratory findings" and was inconsistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2) (discussing when a treating physician's opinion should be granted controlling weight). In this regard, Dr. Steven Katz, who treated Snedeker in early 2003, noted that there were no objective findings to explain Snedeker's reported symptoms. Snedeker, although claiming to be disabled, did not take any medication, but instead pursued homeopathic remedies. The ALJ properly considered all relevant evidence under SSR 96-8p, including medical evidence from multiple physicians and Snedeker's testimony regarding his daily activities and physical capabilities, to find that Snedeker was capable of performing light work with a few restrictions.[2]

_____

[2]Under 20 C.F.R. § 404.1567, light work is defined as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these

There is substantial evidence in the record to support the ALJ's determination. Snedeker's testimony and medical evaluations indicate that Snedeker was capable of lifting up to twenty (20) pounds at a time, with frequent lifting of objects weighing up to ten (10) pounds. Snedeker also testified that he could stand for thirty (30) to sixty (60) minutes, sit for two (2) to three (3) hours at a time, and walk for two (2) or three (3) blocks without rest. His daily activities included food shopping, laundry, some cooking, and light exercise on a trampoline. The ALJ recognized Snedeker's limited ability to sit or stand at length by finding that Snedeker could only work in an environment that allowed him to alternate between sitting and standing. Considering all this evidence and the testimony of the vocational expert, the ALJ determined that there were a significant number of jobs in the national economy that Snedeker could perform. We are satisfied that the ALJ's finding is supported by substantial evidence in the record.

Likewise, the ALJ did not commit reversible error in failing to classify Snedeker's hypotension as a severe impairment or finding that Snedeker's statements regarding the severity of his physical limitations were not credible. While the ALJ did not consider

---

activities.

While the ALJ found that Snedeker could perform light work, he noted that Snedeker must have the option to sit or stand at will, avoid exposure to heights and hazards, and must avoid concentrated exposure to environmental pollutants. All these restrictions were presented to the vocational expert.

Snedeker's hypotension as a separate impairment,[3] he did consider it both in identifying

Snedeker's CFS as a medically determinable impairment under SSR 99-2p and in

determining Snedeker's residual functional capacity.  Based on Snedeker's complaints of

dizziness associated with his hypotension, the ALJ found that he must avoid exposure to

heights and hazards and have the option to sit or stand at will.   Because the ALJ factored

in Snedeker's hypotension in determining residual functional capacity, reversal is not

warranted.  See Rutherford v. Barnhart, 399 F.3d 546, 552-53 (3d Cir. 2005) (remand not

necessary where ALJ did not explicitly consider claimant's obesity, as it was factored

indirectly into the ALJ's decision).

We are also satisfied that the ALJ properly evaluated Snedeker's subjective

complaints of pain and limitations in accordance with the regulations.  An ALJ may reject

a claimant's subjective testimony if he does not find it credible so long as he explains

why he is rejecting the testimony.  Schaudeck v. Comm'r of Social Security, 181 F.3d

429, 433 (3d Cir. 1999); SSR 96-7p. Great weight is given to a claimant's subjective

testimony only when it is supported by competent medical evidence.  Dobrowolsky v.

Califano, 606 F.2d 403, 409 (3d Cir.1979).

As explained by the ALJ, Snedeker's complaints of disabling symptoms are

undermined by his not taking prescribed medication and infrequently seeking medical

treatment.  Credence for his asserted limitations is also weakened by his ability to

_____

[3]Snedeker did not separately list hypotension as an illness, injury, or condition that limited his ability to work in his disability report. (R. 48.)

adequately perform activities of daily living, as well as the absence of objective medical evidence corroborating his statements. This evidence is adequate to support the ALJ's credibility finding.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment sustaining the Commissioner's denial of Snedeker's application for DIB.